☑ Original ☐ Duplicate Original

# UNITED STATES DISTRICT COURT

for the

Eastern District of Wisconsin

| | |
|---|---|
| In the Matter of the Search of | ) |
| *(Briefly describe the property to be searched or identify the person by name and address)* | ) ) |
| The Cellular Telephones Assigned Call Numbers (903) 259-8532 and (708) 413-4533, as further described in Attachment A | ) ) ) | 

Case No. 24-843M(NJ)

## WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

To:  Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search and seizure of the following person or property located in the _____ District of _____
*(identify the person or describe the property to be searched and give its location)*:

See Attachment A. This court has authority to issue this warrant under 18 U.S.C. §§ 2703(c)(1)(A) and 2711(3)(A) and Federal Rule of Criminal Procedure 41.

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

See Attachment B.

**YOU ARE COMMANDED** to execute this warrant on or before 4/12/2024 _____ *(not to exceed 14 days)*
☐ in the daytime 6:00 a.m. to 10:00 p.m.  ☑ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to _____ Hon. Nancy Joseph _____.
*(United States Magistrate Judge)*

☑ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for _____ days *(not to exceed 30)*  ☑ until, the facts justifying, the later specific date of 07/27/2024 _____.

Date and time issued: 3/29/2024 @ 9:28 a.m. _____

*Judge's signature*

City and state:  Milwaukee, Wisconsin _____  Honorable Nancy Joseph, U.S. Magistrate Judge
*Printed name and title*

| **Return** | | |
|---|---|---|
| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |

Inventory made in the presence of :

Inventory of the property taken and name(s) of any person(s) seized:

**Certification**

       I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.


Date: _____

                                                           _____
                                                               *Executing officer's signature*

                                                          _____
                                                                  *Printed name and title*

## ATTACHMENT A

### Property to Be Searched

1.      Records and information associated with the cellular devices assigned call numbers **(903) 259-8532**, **Target Cell Phone 1**, and **(708) 413-4533**, **Target Cell Phone 2** (collectively the "**Target Cell Phones**"), that is in the custody or control of Verizon Wireless, (referred to herein and in Attachment B as the "Provider"), a wireless communications service provider that is at 180 Washington Valley Rd, Bedminster, New Jersey.

2.      **The Target Cell Phones**.

1

**Particular Things to be Seized**

## I.     Information to be Disclosed by the Provider

To the extent that the information described in Attachment A is within the possession, custody, or control of the Provider, including any information that has been deleted but is still available to the Provider or that has been preserved pursuant to a request made under 18 U.S.C. § 2703(f), the Provider is required to disclose to the government the following information pertaining to the Account listed in Attachment A:

a.     The following subscriber and historical information about the customers or subscribers associated with the Target Cell Phones for the time period February 1, 2024 to the present:

   i.     Names (including subscriber names, user names, and screen names);

   ii.     Addresses (including mailing addresses, residential addresses, business addresses, and e-mail addresses);

   iii.     Local and long-distance telephone connection records;

   iv.     Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions;

   v.     Length of service (including start date) and types of service utilized;

   vi.     Telephone or instrument numbers (including MAC addresses, Electronic Serial Numbers ("ESN"), Mobile Electronic Identity Numbers ("MEIN"), Mobile Equipment Identifier ("MEID"); Mobile Identification Number ("MIN"), Subscriber Identity Modules ("SIM"), Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"); International Mobile Subscriber Identity Identifiers ("IMSI"), or International Mobile Equipment Identities ("IMEI");

1

vii.     Other subscriber numbers or identities (including the registration Internet Protocol ("IP") address); and

viii.    Means and source of payments for such service (including any credit card or bank account number) and billing records; and

ix.    All records and other information (not including the contents of communications) relating to wire and electronic communications sent or received by the Target Cell Phones for the time period February 1, 2024, to the present including:

    a. the date and time of the communication, the method of the communication, and the source and destination of the communication (such as the source and destination telephone numbers (call detail records), email addresses, and IP addresses); and

    b. information regarding the cell tower and antenna face (also known as "sectors" through which the communications were sent and received), as well as timing advance or engineering data commonly referred to as per call measurement data (PCMD, RTT, True Call, Advance Timing, Network Event Location Operating System Information (NELOS), WebMap, or equivalent).

b.    Information associated with each communication to and from the Target Cell Phones for a period of 30 days from the date of this warrant, including:

i.    Any unique identifiers associated with the cellular device, including ESN, MEIN, MSISDN, IMSI, SIM, or MIN;

ii.    Source and destination telephone numbers;

iii.    Date, time, and duration of communications; and

iv.    All data about the cell towers (i.e., antenna towers covering specific geographic areas) and sectors (i.e., faces of the towers) to which the Target Cell Phones will connect at the beginning and end of each communication, as well as timing advance or engineering data commonly referred to as per call measurement data (PCMD, RTT, True Call, Advance Timing, Network Event Location Operating System Information (NELOS), WebMap, or equivalent).

2

c. Information about the location of the Target Cell Phones for a period of 30 days during all times of day and night. "Information about the location of the Subject Phones" includes all available E-911 Phase II data, RTT data, GPS data, latitude-longitude data, and other precise location information.

    i. To the extent that the information described in the previous paragraph (hereinafter, "Location Information") is within the possession, custody, or control of the Provider, the Provider is required to disclose the Location Information to the government. In addition, the Provider must furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the Location Information unobtrusively and with a minimum of interference with the Provider's services, including by initiating a signal to determine the location of the Target Cell Phones on the Provider's network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government. The government shall compensate the Provider for reasonable expenses incurred in furnishing such facilities or assistance.

    ii. This warrant does not authorize the seizure of any tangible property. In approving this warrant, the Court finds reasonable necessity for the seizure of the Location Information. *See* 18 U.S.C. § 3103a(b)(2).

## II.    Information to be Seized by the Government

All information described above in Section I that constitutes evidence of violations of Title 21, United States Code, Sections 841(a)(1) and 846, involving Alexis Martinez Munguia and others known and unknown.

Law enforcement personnel (who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, agency personnel assisting the government in this investigation, and outside technical experts under government control) are authorized to review the records produced by the Provider in order to locate the things particularly described in this Warrant.

3

# UNITED STATES DISTRICT COURT

### for the
### Eastern District of Wisconsin

| | |
|---|---|
| In the Matter of the Search of *(Briefly describe the property to be searched or identify the person by name and address)* <br><br> The Cellular Telephones Assigned Call Numbers (903) 259-8532 and (708) 413-4533, as further described in Attachment A | ) ) ) ) ) ) Case No. 24-843M(NJ) |

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A. This court has authority to issue this warrant under 18 U.S.C. §§ 2703(c)(1)(A) and 2711(3)(A) and Federal Rule of Criminal Procedure 41.

located in the _____ District of _____ , there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

- ☑ evidence of a crime;
- ☑ contraband, fruits of crime, or other items illegally possessed;
- ☑ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. §§ 841(a)(1) & 846 | Distribution of controlled substances, and conspiracy to possess with the intent to distribute controlled substances. |

The application is based on these facts:

See Attached Affidavit.

- ☑ Continued on the attached sheet.
- ☑ Delayed notice of __120__ days *(give exact ending date if more than 30 days:* __07/27/2024__ *)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

Brody Fiedler, HSI TFO
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by __telephone__ *(specify reliable electronic means)*.

Date: 3/29/2024

_____
*Judge's signature*

City and state: Milwaukee, Wisconsin

Honorable Nancy Joseph, U.S. Magistrate Judge
*Printed name and title*

**AFFIDAVIT IN SUPPORT OF**
**AN APPLICATION FOR A SEARCH WARRANT**

I, Brody Fiedler, being first duly sworn, hereby depose and state as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1.    I make this affidavit in support of an application for a search warrant under Federal Rule of Criminal Procedure 41 and 18 U.S.C. §§ 2703(c)(1)(A) for information about the location of the cellular telephones assigned call numbers **(903) 259-8532**, **Target Cell Phone 1**, and **(708) 413-4533**, **Target Cell Phone 2** (collectively the "**Target Cell Phones**"), whose service provider is Verizon Wireless, a wireless telephone service provider headquartered at 180 Washington Valley Road, Bedminster, New Jersey. The **Target Cell Phones** are described herein and in Attachment A, and the location information to be seized is described herein and in Attachment B.

2.    Because this warrant seeks the prospective collection of information, including cell-site location information, that may fall within the statutory definitions of information collected by a "pen register" and/or "trap and trace device," *see* 18 U.S.C. § 3127(3) & (4), the requested warrant is designed to also comply with the Pen Register Act.  *See* 18 U.S.C. §§ 3121-3127. The requested warrant therefore includes all the information required to be included in an order pursuant to that statute.  *See* 18 U.S.C. § 3123(b)(1).

3.    I am a sworn law enforcement officer with the Walworth County, Wisconsin, Sheriff's Office, and a Task Force Officer (TFO) with Homeland Security Investigations (HSI). HSI as an agency, investigates federal offenses pursuant to Titles 18, 19 and 21 amongst other offenses of the United States Code. I have been employed

2

as a Deputy Sheriff since February 2015. I have been involved in the enforcement and investigation of numerous violations of law to include drug trafficking. I have personally conducted and participated in numerous investigations that have given me familiarity with the various methods that criminals use to conduct illicit narcotics transactions in violation of state and/or federal law. I have used investigative techniques including, but not limited to: consensual monitoring, physical surveillance, witness and subject interviews, court authorized electronic surveillance, review and analysis of telephone records, and the execution of search and arrest warrants.

4.     In addition to my experience in the investigation of individuals involved in criminal offenses, I also have knowledge and experience in the apprehension and prosecution of individuals involved in criminal offenses. I have knowledge and experience in the use of cellular devices used to commit those offenses as well as the available technology that can be used by law enforcement to assist in identifying the users of cellular devices and their locations.

5.     The facts in this affidavit come from the affiants' training and experience, and information obtained from other law enforcement officers and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

6.     Throughout this affidavit, reference will be made to law enforcement officers. Those law enforcement officials are federal, state, and local law enforcement officers who have directly participated in this investigation, and with whom the affiant has had regular contact regarding this investigation.

7.     Based on the facts set forth in this affidavit, there is probable cause to believe that violations of Title 21, United States Code, Section 841(a)(1) (distribution and possession with the intent to distribute controlled substances) and 846 (conspiracy to distribute and possess with intent to distribute controlled substances) have been committed, are being committed, or will be committed by Alexis MARTINEZ Munguia (MARTINEZ), and others.  There is also probable cause to believe that the location information described in Attachment B will constitute evidence of these criminal violations and will lead to the identification of individuals who are engaged in the commission of these offenses.

8.     The Court has jurisdiction to issue the proposed warrant because it is a "court of competent jurisdiction" as defined in 18 U.S.C. § 2711.  Specifically, the Court is a district court of the United States that has jurisdiction over the offenses being investigated; *see* 18 U.S.C. § 2711(3)(A)(i).

## PROBABLE CAUSE

9.     The Department of Homeland Security Investigations (HSI) and Walworth County Drug Enforcement Unit (WCDEU) are investigating Alexis A. Martinez Munguia (MARTINEZ) for drug trafficking activities, in violation of 21 U.S.C. §§ 841(a)(1) and 846.

10.     During the course of this investigation, law enforcement worked with a confidential informant (CI) to purchase narcotics, through controlled buys, from MARTINEZ, who used the **Target Cell Phones** to arrange the sales.

11.     Based on my training and experience, I know a "controlled buy" is a law enforcement operation in which an informant purchases drugs from the target. The

4

operation is conducted using surveillance, usually audio and video taping equipment, and pre-recorded purchase money. When an informant is used, he/she is searched for contraband, weapons, and money before the operation. The informant is also wired with a concealed body recorder and/or a monitoring device. When the transaction is completed, the informant meets case agents at a pre-determined meet location and gives the purchased drugs and the recording/monitoring equipment to the case agents. The informant is again searched for contraband, weapons, and money and then interviewed by the case agents about the drug transaction. A sample of the suspected drugs is field tested by the case agents for the presence of controlled substances and then placed in inventory pursuant to normal inventory procedures.

12.     The CI began providing information to law enforcement in approximately late October of 2023. The CI is facing criminal charges, which are yet to be charged, related to drug trafficking-related offenses. The CI is cooperating in exchange for prosecutorial and/or judicial consideration of the pending and uncharged criminal violations. The CI is known to have traffic offenses and misdemeanor conviction(s) in their criminal history for domestic disorderly conduct. The information provided by the CI to law enforcements agents is in part based upon the CI's personal observations, and the information is substantially against the CI's penal interest. Additionally, to the extent possible information provided by the CI has been corroborated by agents through unrelated and independent sources, including physical evidence, surveillance, controlled purchases of narcotics, and law enforcement databases. Within the context of the information detailed

5

and relied upon for purposes of this affidavit, case agents believe the CI is credible and the CI's information reliable.

13.    During the week of February 18, 2024, the affiant and additional law enforcement conducted a controlled purchase of approximately one ounce of cocaine for $1,100. The purchase took place in Walworth County, WI. The CI made contact with an individual known to the CI as "Orvin," to arrange for the purchase of cocaine. Prior to the controlled buy, "Orvin" advised the CI that another individual (Orvin's suspected supplier) would be coming to the controlled buy. A phone number of **903-259-8532**, or **Target Cell Phone 1**, was provided to the CI by "Orvin." **Target Cell Phone 1** belonged to an individual by the name of "Alejandro." Before the controlled buy, the CI communicated with "Alejandro" regarding further details of the transaction over **Target Cell Phone 1**. "Orvin" and "Alejandro" arrived at the controlled buy in a white Honda sedan with Illinois registration DV47916. Upon arrival, "Orvin" got into the CI's vehicle and conducted the sale of the cocaine. During this buy, "Alejandro" also entered the CI's vehicle and provided pricing for alternate weights of cocaine.

14.    Affiant reviewed DOT information records, which showed the suspect vehicle was owned by Alexis A. Martinez Munguia of 7 Cross Timber Road, Barrington Hills, IL. Law enforcement investigation tools identified multiple records for the vehicle's registered owner. The subject, known to the CI as Alejandro, was identified as Alexis Alejandro Martinez Munguia (DOB: xx/xx/1993).

15.     Following the controlled buy on an alternate date, MARTINEZ provided the CI with a second number of **708-413-4533**, **Target Cell Phone 2**, to contact him (MARTINEZ). The CI provided this number to the affiant.

16.     During the week of February 25, 2024, the affiant with additional law enforcement conducted a second controlled buy. This controlled buy took place within Walworth County, WI. The controlled purchase was organized between the CI and MARTINEZ, who used **Target Cell Phone 1**. During this controlled buy, MARTINEZ arrived in the same target vehicle observed during the first controlled purchase and sold to the CI approximately one ounce of cocaine for $1,100 in U.S. currency. Following this controlled buy, law enforcement attempted a surveillance tail of the suspect vehicle. MARTINEZ took multiple roads and made multiple stops before parking in Woodstock, Illinois and entering a multi-unit building.

17.     During the week of March 17, 2024, the affiant with additional law enforcement conducted a third controlled buy. This controlled buy took place within Walworth County, WI. Before the controlled buy, MARTINEZ communicated with the CI via both identified cell phone numbers, **Target Cell Phone 1** and **Target Cell Phone 2**, to facilitate the details of the controlled purchase. During the controlled buy, MARTINEZ again drove the target vehicle to the controlled buy location. The CI observed "Orvin" to be a passenger in MARTINEZ's vehicle. During this controlled buy, MARTINEZ sold to the CI approximately four ounces of cocaine for $4,000 of U.S. currency. Following this controlled buy a tail of the target vehicle was attempted. The target vehicle again traveled to Illinois.

7

18. During the investigation, Affiant, through information provided and displayed by the CI, confirmed that MARTINEZ was using both **Target Cell Phones** to organize the meeting locations, times, dates, amounts, and type of the controlled substance.

19. Affiant believes MARTINEZ to be user of, and to exercise control over, the **Target Cell Phones**.

20. Furthermore, **Target Cell Phone 1** is subscribed in the name of Alexis MARTINEZ.

21. Affiant is aware that throughout the investigation other law enforcement techniques have been attempted to monitor the location of MARTINEZ. These techniques were attempted to help determine where additional felonious activity may be occurring along with the location of further contraband or evidence to support the investigation. Those attempts have been impeded by MARTINEZ's traveling to different locations and meeting with different individuals.

22. Affiant is aware through training and experience that individuals who engage in criminal activity use electronic communication devices to arrange the sale, delivery, and transportation of controlled substances because often the local drug market is a "Closed Market." Affiants knows that in a closed market environment, users and sellers of controlled substances must arrange a time, location, cost, and amount of controlled substances that are going to be purchased or sold. I believe that tracking the **Target Cell Phones** will lead to valuable information regarding the location of the suspect in this investigation; this could lead not only to that person's arrest, but also to recovery

8

of evidence directly related to the investigation, including, but not limited to, controlled substances, the proceeds of illegal sales, the telephone itself, physical evidence associated with the offense, and statements by the suspect and/or others with knowledge of the offense.

23.     Affiant has reviewed the database CLEAR (Thomas Reuters) and identified the cellular telephone carrier company for both numbers as Cellco Partnership, d/b/a Verizon Wireless. Affiant has used this database in the past and found it to be reliable.

24.     Affiant knows that the location of cellular telephones and other wireless devices can be identified and tracked through GPS location data, cell tower data, and specialized devices and technology. Affiant knows that personnel with the WCDEU and HSI have experience in this area and have previously tracked electronic devices to aid in criminal investigations.

25.     Tracking of the phone will assist law enforcement with locating the target as well as locations to which MARTINEZ may be traveling in furtherance of his criminal acts.

26.     By this application, I do not seek to intercept or otherwise obtain any part of the content of the customer's cellular communications or conversations.

27.     I submit that based upon the above stated facts, there is probable cause to believe that the physical location of the **Target Cell Phones** will reveal evidence of the crime related to the trafficking (delivery or possession with intent) of controlled substances or money laundering.

9

## CONCLUSION

29.    Evidence obtained during this investigation leads case agents to believe that MARTINEZ operates the **Target Cell Phones**. The location data associated with the **Target Cell Phones** will assist case agents in conducting targeted physical surveillance and further identify the locations and individuals associated with and the nature and scope of MARTINEZ's drug trafficking activities.

30.    Affiant and assisting personnel searched law enforcement databases to confirm that the **Target Cell Phones** are currently being serviced by Verizon Wireless.

31.    Case agents are requesting this warrant authorizing the initial collection of data related to the **Target Cell Phones** for 30 days to further investigate MARTINEZ's activities, to identify MARTINEZ's residence, and to identify locations to which MARTINEZ is traveling to further his drug distribution trafficking activities.

32.    Based upon my training and experience, I know that individuals involved in drug trafficking use their cellular telephones to contact other drug dealers and drug purchasers, and that information relating to their telephones may show the areas in which they are trafficking drugs and the individuals who they are contacting to sell or distribute the drugs. Based upon the facts in this affidavit, there is probable cause to believe that MARTINEZ is engaged in the trafficking and distribution of controlled substances and is using the **Target Cell Phones** while engaged in these crimes.  I further submit that probable cause exists to believe that obtaining the location information of the **Target Cell Phones** will assist case agents in determining MARTINEZ's criminal activities, to include meeting locations, co-conspirators, and sources of supply.

10

33. In my training and experience, I have learned that the Service Provider is a company that provides cellular communications service to the general public. I also know that providers of cellular communications service have technical capabilities that allow them to collect and generate information about the locations of the cellular devices to which they provide service, including cell-site data, also known as "tower/face information" or "cell tower/sector records." Cell-site data identifies the "cell towers" (i.e., antenna towers covering specific geographic areas) that received a radio signal from the cellular device and, in some cases, the "sector" (i.e., faces of the towers) to which the device connected. These towers can be a varying distance apart and even further apart in rural areas. Furthermore, the tower closest to a wireless device does not necessarily serve every call made to or from that device. Accordingly, cell-site data provides an approximate general location of the cellular device.

**Cell-Site Data**

34. Based on my training and experience, I know that the Service Provider can collect cell-site data on a prospective basis about the **Target Cell Phones**. Based on my training and experience, I know that for each communication a cellular device makes, its wireless service provider can typically determine: (1) the date and time of the communication; (2) the telephone numbers involved, if any; (3) the cell tower to which the customer connected at the beginning of the communication; (4) the cell tower to which the customer was connected at the end of the communication; and (5) the duration of the communication. I also know that wireless providers such as the Service Provider typically collect and retain cell-site data pertaining to cellular devices to which they

11

provide service in their normal course of business in order to use this information for various business-related purposes.

35.     Based on my training and experience, I know that Verizon also can collect per-call measurement data, which Verizon also refers to as the "real-time tool" ("RTT"). RTT data estimates the approximate distance of the cellular device from a cellular tower based upon the speed with which signals travel between the device and the tower. This information can be used to estimate an approximate location range that is more precise than typical cell-site data.

### E-911 Phase II / GPS Location Data

36.     I know that some providers of cellular telephone service have technical capabilities that allow them to collect and generate E-911 Phase II data, also known as GPS data or latitude-longitude data. E-911 Phase II data provides relatively precise location information about the cellular telephone itself, either via GPS tracking technology built into the phone or by triangulating on the device's signal using data from several of the provider's cell towers. As discussed above, cell-site data identifies the "cell towers" (i.e., antenna towers covering specific geographic areas) that received a radio signal from the cellular telephone and, in some cases, the "sector" (i.e., faces of the towers) to which the telephone connected. These towers can be a varying distance apart and even further apart in rural areas. Furthermore, the tower closest to a wireless device does not necessarily serve every call made to or from that device. Accordingly, cell-site data is typically less precise than E-911 Phase II data. Based on my training and experience, I know that the Service Provider can collect E-911 Phase II data about the

location of the Target Cell Phone, including by initiating a signal to determine the location of the Target Cell Phone on the Service Provider's network or with such other reference points as may be reasonably available.

**Subscriber Information**

37.     Based on my training and experience, I know that wireless providers such as the Service Provider typically collect and retain information about their subscribers in their normal course of business. This information can include basic personal information about the subscriber, such as name and address, and the method(s) of payment (such as credit card account number) provided by the subscriber to pay for wireless communication service. I also know that wireless providers such as the Service Provider typically collect and retain information about their subscribers' use of the wireless service, such as records about calls or other communications sent or received by a particular device and other transactional records, in their normal course of business. In my training and experience, this information may constitute evidence of the crimes under investigation because the information can be used to identify the **Target Cell Phones'** user or users and may assist in the identification of co-conspirators and/or victims.

**AUTHORIZATION REQUEST**

38.     Based on the foregoing, I request that the Court issue the proposed warrant, pursuant to 18 U.S.C. § 2703(c) and Federal Rule of Criminal Procedure 41.

39.     I further request that the Court direct the Service Provider to disclose to the government any information described in Section I of Attachment B that is within its possession, custody, or control.

40.     I also request that the Court direct the Service Provider to furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the information described in Attachment B unobtrusively and with a minimum of interference with the Service Provider's services, including by initiating a signal to determine the location of the **Target Cell Phones** on the Service Provider's network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government.  The government shall reasonably compensate the Service Provider for reasonable expenses incurred in furnishing such facilities or assistance.

41.     I further request, pursuant to 18 U.S.C. § 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), that the Court authorize the officer executing the warrant to delay notice until 120 days after the collection authorized by the warrant has been completed. There is reasonable cause to believe that providing immediate notification of the warrant may have an adverse result, as defined in 18 U.S.C. § 2705. Providing immediate notice to the subscriber or user of the **Target Cell Phones** would seriously jeopardize the ongoing investigation, as such a disclosure would give that person an opportunity to change patterns of behavior and flee from prosecution. *See* 18 U.S.C. § 3103a(b)(1). As further specified in Attachment B, which is incorporated into the warrant, the proposed search warrant does not authorize the seizure of any tangible

14

property. *See* 18 U.S.C. § 3103a(b)(2). Moreover, to the extent that the warrant authorizes the seizure of any wire or electronic communication (as defined in 18 U.S.C. § 2510) or any stored wire or electronic information, there is reasonable necessity for the seizure for the reasons set forth above. *See* 18 U.S.C. § 3103a(b)(2).

42.     Because the warrant will be served on the Service Provider, who will then compile the requested records at a time convenient to it, reasonable cause exists to permit the execution of the requested warrant at any time in the day or night.

## ATTACHMENT A

### Property to Be Searched

1.      Records and information associated with the cellular devices assigned call numbers **(903) 259-8532**, **Target Cell Phone 1**, and **(708) 413-4533**, **Target Cell Phone 2** (collectively the "**Target Cell Phones**"), that is in the custody or control of Verizon Wireless, (referred to herein and in Attachment B as the "Provider"), a wireless communications service provider that is at 180 Washington Valley Rd, Bedminster, New Jersey.

2.      **The Target Cell Phones**.

1

## ATTACHMENT B

## Particular Things to be Seized

### I.  Information to be Disclosed by the Provider

To the extent that the information described in Attachment A is within the possession, custody, or control of the Provider, including any information that has been deleted but is still available to the Provider or that has been preserved pursuant to a request made under 18 U.S.C. § 2703(f), the Provider is required to disclose to the government the following information pertaining to the Account listed in Attachment A:

    a.    The following subscriber and historical information about the customers or subscribers associated with the Target Cell Phones for the time period February 1, 2024 to the present:

        i.    Names (including subscriber names, user names, and screen names);

        ii.    Addresses (including mailing addresses, residential addresses, business addresses, and e-mail addresses);

        iii.    Local and long-distance telephone connection records;

        iv.    Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions;

        v.    Length of service (including start date) and types of service utilized;

        vi.    Telephone or instrument numbers (including MAC addresses, Electronic Serial Numbers ("ESN"), Mobile Electronic Identity Numbers ("MEIN"), Mobile Equipment Identifier ("MEID"); Mobile Identification Number ("MIN"), Subscriber Identity Modules ("SIM"), Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"); International Mobile Subscriber Identity Identifiers ("IMSI"), or International Mobile Equipment Identities ("IMEI");

1

vii.      Other subscriber numbers or identities (including the registration Internet Protocol ("IP") address); and

viii.      Means and source of payments for such service (including any credit card or bank account number) and billing records; and

ix.      All records and other information (not including the contents of communications) relating to wire and electronic communications sent or received by the Target Cell Phones for the time period February 1, 2024, to the present including:

     a. the date and time of the communication, the method of the communication, and the source and destination of the communication (such as the source and destination telephone numbers (call detail records), email addresses, and IP addresses); and

     b. information regarding the cell tower and antenna face (also known as "sectors" through which the communications were sent and received), as well as timing advance or engineering data commonly referred to as per call measurement data (PCMD, RTT, True Call, Advance Timing, Network Event Location Operating System Information (NELOS), WebMap, or equivalent).

b.      Information associated with each communication to and from the Target Cell Phones for a period of 30 days from the date of this warrant, including:

i.      Any unique identifiers associated with the cellular device, including ESN, MEIN, MSISDN, IMSI, SIM, or MIN;

ii.      Source and destination telephone numbers;

iii.      Date, time, and duration of communications; and

iv.      All data about the cell towers (i.e., antenna towers covering specific geographic areas) and sectors (i.e., faces of the towers) to which the Target Cell Phones will connect at the beginning and end of each communication, as well as timing advance or engineering data commonly referred to as per call measurement data (PCMD, RTT, True Call, Advance Timing, Network Event Location Operating System Information (NELOS), WebMap, or equivalent).

c. Information about the location of the Target Cell Phones for a period of 30 days during all times of day and night. "Information about the location of the Subject Phones" includes all available E-911 Phase II data, RTT data, GPS data, latitude-longitude data, and other precise location information.

i. To the extent that the information described in the previous paragraph (hereinafter, "Location Information") is within the possession, custody, or control of the Provider, the Provider is required to disclose the Location Information to the government. In addition, the Provider must furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the Location Information unobtrusively and with a minimum of interference with the Provider's services, including by initiating a signal to determine the location of the Target Cell Phones on the Provider's network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government. The government shall compensate the Provider for reasonable expenses incurred in furnishing such facilities or assistance.

ii. This warrant does not authorize the seizure of any tangible property. In approving this warrant, the Court finds reasonable necessity for the seizure of the Location Information. *See* 18 U.S.C. § 3103a(b)(2).

## II. Information to be Seized by the Government

All information described above in Section I that constitutes evidence of violations of Title 21, United States Code, Sections 841(a)(1) and 846, involving Alexis Martinez Munguia and others known and unknown.

Law enforcement personnel (who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, agency personnel assisting the government in this investigation, and outside technical experts under government control) are authorized to review the records produced by the Provider in order to locate the things particularly described in this Warrant.

This warrant authorizes a review of electronically stored information, communications, other records and information disclosed pursuant to this warrant in order to locate evidence, fruits, and instrumentalities described in this warrant. The review of this electronic data may be conducted by any government personnel assisting in the investigation, who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, and technical experts. Pursuant to this warrant, Homeland Security Investigations may deliver a complete copy of the disclosed electronic data to the custody and control of attorneys for the government and their support staff for their independent review.

## CERTIFICATE OF AUTHENTICITY OF DOMESTIC RECORDS PURSUANT TO FEDERAL RULES OF EVIDENCE 902(11) AND 902(13)

I, _____, attest, under penalties of perjury by the laws of the United States of America pursuant to 28 U.S.C. § 1746, that the information contained in this certification is true and correct. I am employed by Verizon, and my title is _____. I am qualified to authenticate the records attached hereto because I am familiar with how the records were created, managed, stored, and retrieved. I state that the records attached hereto are true duplicates of the original records in the custody of Verizon. The attached records consist of _____.

I further state that:

a.      All records attached to this certificate were made at or near the time of the occurrence of the matter set forth by, or from information transmitted by, a person with knowledge of those matters, they were kept in the ordinary course of the regularly conducted business activity of Verizon and they were made by Verizon as a regular practice; and

b.      Such records were generated by Verizon's electronic process or system that produces an accurate result, to wit:

1.      The records were copied from electronic device(s), storage medium(s), or file(s) in the custody of Verizon in a manner to ensure that they are true duplicates of the original records; and

1

2. The process or system is regularly verified by Verizon and at all times pertinent to the records certified here the process and system functioned properly and normally.

I further state that this certification is intended to satisfy Rules 902(11) and 902(13) of the Federal Rules of Evidence.

_____     _____

Date                                                    Signature

Case 2:24-mj-00843-NJ    Filed 03/29/24    Page 28 of 28    Document 1